■ In the Matter of MARSON CONSTRUCTION CORPORATION et al., Appellants, v MTA NEW YORK CITY TRANSIT, Respondent. [694 NYS2d 688] —In a proceeding pursuant to CPLR article 78 to review a determination of the Chief Engineer of the respondent, MTA New York City Transit, dated January 16, 1997, which determined that the respondent was entitled to deduct the profit, overhead, and bond costs associated with a negotiated credit on work that the respondent deleted from a construction contract with the petitioner Marson Construction Corporation, the petitioners appeal from so much of an order and judgment (one paper) of the Supreme Court, Kings County (Dowd, J.), dated June 17, 1998, as granted the respondent's cross motion for reargument of a judgment of the same court, dated October 30, 1997, which granted the petition and, upon reargument, vacated the judgment, denied the petition, and dismissed the proceeding.

Ordered that the order and judgment is affirmed insofar as appealed from, with costs.

The petitioners seek to review a determination of the Chief Engineer of the respondent, MTA New York City Transit (hereinafter the TA), as arbitrator under a construction contract. The determination permitted the TA to deduct $125,560.50 in profit, overhead, and bond costs associated with work deleted from the contract. That determination was based

on Article 4.04 (a) of the contract. As the parties agree, under the terms of the contract, the Chief Engineer's determination may be annulled only if it is "arbitrary, capricious or lacks rational basis".

The determination of the Chief Engineer that the TA was entitled to deduct profit, overhead, and bond costs when deleting work from the contract was not irrational (*see, Matter of Pell v Board of Educ.,* 34 NY2d 222, 231). Additionally, this Court is precluded from reviewing the reasonableness of the amount deducted for profit, overhead, and bond costs because the petitioners never challenged it before the Chief Engineer (*see, Matter of Sudarsky v New York State Div. of Hous. & Community Renewal,* 258 AD2d 405; *Matter of Willets Point Contr. Corp. v Department of Motor Vehicles,* 227 AD2d 411). Finally, the petitioners' contention that the arbitration process was procedurally improper is without merit, since the contract did not mandate either that the Chief Engineer hold a hearing or that the petitioner Marson Construction Corporation be given the opportunity to submit reply papers (*see, Westinghouse Elec. Corp. v New York City Tr. Auth.,* 82 NY2d 47). O'Brien, J. P., Sullivan, H. Miller and Smith, JJ., concur.